### MOUGHON *et al.*, for use, *vs.* BROWN.

1. A material variance between a *fi. fa.* and the judgment on which it is founded, is good ground for quashing the former, or rejecting it when offered in evidence in a claim case arising thereunder.
2. A suit being in the name of M. and N., surviving executor and executrix of B., for the use of another, the judgment being for the plaintiffs, and the *fi. fa.* being in the name of M. and N., for the use of the same party, the variance was not material.

Judgments. Executions. Administrators and Executors. Evidence. Before Judge FLEMING. Baker Superior Court. May Term, 1881.

Reported in the decision.

WARREN & HOBBS; O. G. GURLEY; D. H. POPE; D. A. VASON, for plaintiffs in error.

J. L. HAWES; C. B. WOOTEN, for defendant.

CRAWFORD, Justice.

A suit was brought by Wm. S. Moughon and Henrietta S. Nelson, surviving executor and executrix of Jos. Bond, deceased, for the use of Maria L. Nelson, against the administrators of J. T. Brown, deceased. They recovered judgment thereon, which was entered up in favor of "the plaintiffs," without other or descriptive words. A *fi. fa.* was issued thereon, in favor of Wm. S. Moughon and Henrietta S. Nelson, for the use of Maria L. Nelson, and levied upon certain property, which was claimed by M. A. Brown. Upon the trial of this case, when the *fi. fa.* was offered in evidence, it was objected to by the claimant, because it did not follow the judgment, in that the words "surviving executor and executrix of Jos. Bond, deceased," were omitted therefrom. The judge held the objection good, and rejected the *fi. fa.* This is the error assigned.

All executions must follow the judgments from which they are issued, and describe the parties thereto as described in such judgment.   Code, §3636.

Whilst it is undoubtedly the law that all *fi. fas.* must follow the judgments upon which they are issued, yet this court has construed that section, and held that any variance between the execution and the judgment, to authorize the execution to be quashed or otherwise bad, must be a material variance.   39 *Ga.*, 565.

The whole question, therefore, in this case turns upon the materiality of the words omitted from the *fi. fa.*, and this in turn depends upon whether the legal title to the notes sued, and the judgment rendered thereon, was in Moughon and Nelson, as executor and executrix of Jos. Bond, deceased, or in themselves as individuals.   If in them, as the executor and executrix of Bond, then the *fi. fa.* was bad; if in them personally, then it was not.   It appears from the pleadings in this case, that the contract sued upon was one made directly with them, and payable to them, and not with the testator, or payable to him.

On a note made payable to an executor, as such, he may sue upon it in his own name, and if sued as executor, it is only a *descriptio personæ*, and may be rejected as surplusage.

A judgment recovered by an administrator, as such, is a debt to himself personally, and upon which suit may be brought in his own name.   5 *Ga.*, 60-61.   That the use of the words named are wholly immaterial, whether in or out of the execution or the pleadings, may be seen by reference to any standard authority.   The question was considered at great length, and decided as early as 5 *Ga.*, in the case of *Oglesby vs. Gilmore et al.*, page 56, and is supported by an overwhelming list of authorities.   Holding, then, as we do, that the variance was not a material one, we reverse the ruling, and send the case back for another trial.

Judgment reversed.