DURDEN *v.* CLACK.

1. Where the owner of land sells and conveys it to another by absolute conveyance, but does not actually go out of possession, even though the vendee be also in possession, the latter cannot eject the former from the premises as an intruder, by summary process sued out under section 4072 of the code.

2. The county court has jurisdiction to try and determine applications for the eviction of intruders, and it would be no ground to dismiss a proceeding for this purpose that the evidence showed the plaintiff's remedy was by ejectment; but such evidence would require an adjudication in favor of the defendant on the merits.

August 14, 1894

*Certiorari.* Before Judge JENKINS. Morgan superior court. September term, 1893.

Clack made affidavit to eject Miss Durden as an intruder upon 50 acres of land. She made a counter-affidavit, and the issue was tried in the county court, where the judge gave judgment for plaintiff. By *certiorari* defendant assigned this ruling as error; and also excepted to the overruling of her motion to dismiss the case for want of jurisdiction, the remedy being by ejectment and not by proceeding against an intruder.

It appears that in 1891 defendant made an absolute warranty deed in consideration of $500, conveying the land to Wright & Co., who conveyed the same to Clack in December, 1892. Plaintiff's evidence showed that defendant's deed was in pursuance of an absolute sale in part payment of her indebtedness to Wright & Co. She contended that her deed was made with an understanding that she was to have five years in which to redeem the land; that she made it to get rid of her brother who was living on a part of the land, and was getting her into debt, etc. The members of the firm of Wright & Co. denied any such understanding. She was in possession when her deed was made; and the evidence does not show that she ever yielded possession,

though there is testimony that her brother, who had been one of her tenants, rented the land from Wright & Co., and paid them the rent before their deed to Clack was made, and that he rented it for the year 1893 also.

J. H. HOLLAND, for plaintiff in error.

FOSTER & BUTLER, *contra.*

SIMMONS, Justice.

The summary remedy provided for in section 4072 of the code for the ejection of intruders, cannot be used for the purpose of trying title to land. It can only be used in cases where an intruder enters upon the land without claiming in good faith a right to its possession, and refuses to abandon the same. If one sells land to another and makes a conveyance to him, and afterwards refuses to give up the possession, he cannot be removed, under this section of the code, as an intruder. In such case the purchaser must resort to some other remedy. If the vendor yields possession and afterwards re-enters, this section is applicable. It does not clearly appear from the evidence in this case that Miss Durden ever went out of actual possesson of the land. It was incumbent on the plaintiff to show that she did. Having failed to show this, the plaintiff was not entitled to a verdict, and the court erred in overruling the *certiorari.*

2. Under section 295 of the code, the county court has jurisdiction to try and determine applications for the eviction of intruders, and it would be no ground to dismiss a proceeding for this purpose that the evidence showed the plaintiff's remedy was by ejectment; but such evidence would require an adjudication in favor of the defendant on the merits.     *Judgment reversed.*