## MUSIC *et al. v.* BARBER.

99    799
127   391

1. A proceeding instituted under section 4072 of the code for the purpose of ejecting an alleged intruder from land cannot be made the basis of a trial before a justice of the peace and a jury as in cases of forcible entry and detainer arising under section 4085. Such a trial is *coram non judice,* and its result a nullity.
2. Although the present case was argued here by counsel for the plaintiff in error (there being no appearance *contra*) as if it had originated under the latter section, the record discloses that the trial before the magistrate and the jury was had upon "an affidavit brought to eject [the defendants] as intruders," resulting in a verdict finding the defendants guilty of forcible entry and detainer, and that judgment was entered accordingly. Upon *certiorari* this verdict and judgment were affirmed by final judgment of the superior court. *Held,* that this was error. The judge ought in the first instance to have refused to sanction the petition for *certiorari.*

Submitted December 1,—Decided December 17, 1896.

*Certiorari.* Before Judge Sweat. Appling superior court. March term, 1896.

*G. J. Holton & Son,* for plaintiffs in error.

SIMMONS, Chief Justice.

It appears from the record, that the plaintiffs in error were tried in a magistrate's court upon "an affidavit brought to eject [them] as intruders," and that the trial resulted in a verdict finding them guilty of forcible entry and detainer, upon which judgment was entered accordingly. Upon *certiorari* this verdict and judgment were affirmed by final judgment of the superior court.

The provisions of the code which authorize the summary ejection of intruders from lands, upon affidavit made for that purpose, will be found in section 4072, and the proceeding therein provided for is a very different one from the proceeding in cases of forcible entry and detainer, provided for in section 4085. In a proceeding under the former section, where there is a contest on the part of the person sought to be ejected, the issue may be tried by the superior court (§4074), or by the county court (§295, *Durden* v. *Clack*, 94 Ga. 278); but a justice's court has no jurisdiction to deal with the matter.

The case, it is true, was argued in this court by counsel for the plaintiffs in error (there being no appearance for the defendants in error) as if it had originated under the latter section, but we must be governed by the record, from which, as we have seen, it appears that the case originated under the section first cited. Clearly a proceeding instituted under that section could not be made the basis of a trial before a justice of the peace and jury as in cases arising under the other section referred to. Such a trial is *coram non judice*, and its result a nullity; and consequently, the judge of the superior court ought not to have entertained the petition for *certiorari*, but ought in the first instance to have refused to sanction the petition.

The judgment of the court below is therefore reversed. (See *Pope* v. *Jones*, 79 Ga. 488(2).)

*Judgment reversed.*