## SMITH v. SMITH.

1. An affidavit for a distress warrant for rent, which alleges that the
   defendant is indebted to the affiant in a stated sum for rent due and
   unpaid, is amendable by an allegation, in substance, that such rent
   was due by defendant, as tenant, to affiant, as landlord, for rent of
   land for a certain year.
2. When, in a claim case involving a contest between the claimant, who
   purchased from a tenant the crop in dispute, and the landlord, who
   is seeking to enforce against the crop his special lien for supplies,
   it appears that other property has been levied upon and sold under
   the lien fi. fa., and no credit entered thereon, it is incumbent on the
   plaintiff to account for the proceeds of such sale before he can sub-
   ject the property claimed to the full amount of his execution.
3. Where a distress warrant and a lien execution for supplies are lev-
   ied upon certain bales of cotton in a warehouse in which are many
   others, and the cotton is claimed by a third person, the onus is upon
   the plaintiff in fi. fa. to identify the cotton levied upon as the cotton
   of the defendant in execution. Where in the trial of the claim case
   but one bale is identified and the jury finds three bales subject, the
   verdict is contrary to law and evidence.

Argued October 17, — Decided November 16, 1898.

Levy and claim. Before Judge Beck. Henry superior
court. January 13, 1898.

On September 23, 1896, R. F. Smith sued out a distress war-
rant against Legwin, and on October 9, 1896, foreclosed a land-
lord's lien upon the crop raised by Legwin upon land rented

from the plaintiff for that year. Three bales of cotton were levied upon as the property of the defendant, two of them under the distress warrant, on September 26, 1896, and the other on October 10, 1896, under an execution issued upon the foreclosure of the landlord's lien; and a claim to the three bales was interposed by J. E. Smith.

From the evidence at the trial it appeared that three bales of cotton raised on land rented from the plaintiff were sold by the defendant to the claimant, two of them in September, 1896, before the distress warrant was levied, and the other in October, 1896. The bale last mentioned was the one levied on under the execution issued upon the foreclosure of the landlord's lien. As to the other bales levied on, it does not appear where they came from, except that at the time of the levy they were in Brown's warehouse. The defendant testified that he did not identify them as cotton sold by him to the claimant, and the plaintiff testified that he did not know they were the same cotton the claimant bought from the defendant. The evidence of the claimant was silent on this subject. At the time the defendant made the first sale to the claimant, he owed the claimant for supplies, and upon this indebtedness the claimant credited the defendant with the value of the two bales. He paid the defendant in money for the third bale. He had taken from the defendant, in the spring of 1896, a mortgage on the defendant's crop as security for the supplies furnished, but the mortgage was not attested nor recorded until September 28, 1896. The defendant testified that at the time he gave this mortgage, he told the claimant that the crop was subject to rent. The claimant denied this, and testified that he did not know plaintiff had a lien on the cotton at the time he (claimant) bought it, and did not know that the defendant was a tenant. The defendant had contracted to pay the plaintiff four bales of cotton for the rent of the land for the year 1896, and two bales were paid by him on the rent before the first sale to the claimant was made. Subsequently two more bales were paid by the defendant to the plaintiff, and these were placed by the plaintiff as a credit on notes and accounts due him by the defendant prior to the year 1896. The latter two were paid to him on September 25, 1896. The

plaintiff testified that he went to the claimant after the claimant bought the first two bales, and told him that defendant owed him (plaintiff) two bales for rent, and also owed him for guano and borrowed money; and he demanded of the claimant the two bales that the claimant bought from the defendant on September 12, 1896, and the claimant refused to let him have them, saying he had bought them from the defendant. The claimant testified that between the time he bought the two bales from the defendant on September 12, and the time he bought the third bale, the plaintiff came to him and told him that the defendant owed him (plaintiff) two bales of cotton for rent, and plaintiff demanded of claimant the two bales that the defendant had sold to claimant. Claimant refused to let plaintiff have them, and plaintiff then told claimant that defendant had promised to make it all right by letting him (plaintiff) have two other bales on his rent, and if he did it would be all right. On October 9 defendant offered claimant another bale for sale, and claimant bought it. Claimant further testified that the plaintiff never told him that the defendant owed him for guano and borrowed money, nor did he (claimant) know at the time he bought the bale of cotton from the defendant on October 9 that the defendant owed the plaintiff anything for guano or borrowed money. On October 17, 1896, the execution which had been issued upon the foreclosure of the landlord's lien was levied upon certain seed-cotton, cottonseed, corn and fodder, and a guano-distributor. The plaintiff testified: " The corn, fodder, cotton and cottonseed sold under the special fi. fa. should have been placed as a credit on the same in paying cost. I do not know the amount it brought. The mule, cotton, cottonseed, corn and fodder sold brought something over $100. The product of the sale of mule was placed on mortgage fi. fa. and debts Legwin owed me." This is all that appears in reference to the sale of the property here referred to.

The affidavit upon which the distress warrant was issued states that the defendant " is indebted to [affiant] in the sum of $75.15 for rent now due and unpaid." This affidavit is followed in the record by an affidavit dated October 21, 1897 (the day of the trial), and which states that " at the time of suing

out the distress warrant, the within-named defendant . . . was [plaintiff's] tenant for the year 1896, and as such tenant said Legwin was, at the time the within distress warrant was issued, indebted to him the within sum stated, for the rent of land in said county for said year 1896; and plaintiff asks that the within affidavit be amended by adding this amendment."

The jury rendered a verdict finding the property subject, and the claimant moved for a new trial, which was refused, and he excepted. The motion was upon the grounds that the verdict was contrary to law and the evidence, and that the court erred as follows: (1) In overruling claimant's motion to dismiss the levy on plaintiff's distress warrant upon the grounds that the affidavit upon which the same was issued nowhere disclosed the relation of landlord and tenant, and the proof showed that at the time the affidavit was made the rent claimed to be due was not due; and in allowing the amendment to the affidavit as made, and in overruling the motion after the amendment was allowed, and in not dismissing the levy upon the distress warrant, on motion of claimant, upon the grounds that the proof showed the rent claimed to be due by plaintiff was not due at the time the affidavit was made and the distress warrant issued. (2) In overruling claimant's motion to dismiss the levy upon the distress warrant upon the ground that plaintiff had received enough cotton from defendant to pay off the distress warrant after the same was levied on the cotton purchased from defendant by claimant, and with notice that claimant had purchased the cotton. (3) In charging: "If you believe the claimant bought the two bales [of] cotton from the defendant Legwin, levied on by the plaintiff's distress warrant, and that he bought it without notice of plaintiff's lien for rent, you should find for the claimant. And if you believe from the evidence the claimant had notice, at the time he purchased said two bales of cotton, that the defendant was the tenant of the plaintiff, or had notice of the plaintiff's lien for rent, or had such information as would put a prudent man on inquiry, then you should find the property subject." (4) In refusing to charge that if the jury should find that, since the levy of said distress warrant, plaintiff had received from defendant enough cotton from the crops raised

on the premises rented by defendant from plaintiff to pay off said distress warrant, and plaintiff appropriated the same to debts owing to him by defendant prior to the year 1896, by note or account, and with knowledge that claimant had purchased the two bales of cotton levied on by the plaintiff's distress warrant, then plaintiff's lien for rent would be discharged, relatively to the two bales of cotton purchased by claimant from defendant and levied by virtue of plaintiff's distress warrant. (5) In not charging the jury that if they should find from the evidence that there was other property levied on and sold under plaintiff's special lien fi. fa. and subject to the same after said special lien fi. fa. was levied on the bale of cotton bought by claimant from defendant, and after claimant bought said bale of cotton, then the special lien fi. fa. would be discharged as to the amount of the other property so sold, though claimant had had notice of plaintiff's lien for supplies.

B. P. Bailey and M. M. Mills, for plaintiff in error.
E. J. Reagan and J. F. Wall, contra.

SIMMONS, C. J. 1. R. F. Smith sued out a distress warrant and foreclosed a landlord's lien for supplies against his tenant. These fi. fas. were levied upon three bales of cotton in possession of one J. E. Smith, who filed a claim asserting that the cotton was his, and not the property of the tenant. On the trial of the case R. F. Smith was allowed to amend his affidavit upon which the distress warrant had been issued. This was objected to by the claimant and the objection was overruled by the court. Section 5122 of the Civil Code now allows affidavits of this kind to be amended, and the court did not err in so ruling.

2. It appeared in the evidence that one of the executions above mentioned had been levied upon certain personal property, and that the property had been sold thereunder. There was no credit upon the execution and no explanation given as to a portion of the funds raised by the sale, except that the plaintiff says in his testimony that he applied a portion of the proceeds of the sale to unsecured debts which the defendant owed him. This was not a sufficient explanation of the application of the proceeds of the sale. The officer making the sale under

this fi. fa. should have credited the proceeds upon it, and'the plaintiff had no right to take a portion of the proceeds and apply them to an unsecured debt. It is inferable from the evidence that the proceeds of the sale were at least sufficient to pay off one of the fi. fas., if not both of them. It was incumbent upon the plaintiff to affirmatively show that the proceeds of the sale. were legally applied to these executions, or to one of older date against the defendant.

3. Two of the three bales of cotton levied upon were seized in the warehouse of a stranger to this litigation. The record shows that both the plaintiff and the defendant utterly failed in their evidence to identify these two bales as the property of the defendant in execution. Indeed both testified that they could not so identify them. The evidence of the claimant was silent upon the subject. It was incumbent upon the plaintiff to show that these two bales belonged to the defendant or were grown on the farm rented by him from the plaintiff. The plaintiff having failed to carry this burden of proof, a verdict finding these two bales and the other all subject to the executions was contrary to law and evidence. The judge therefore erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*