## UNDERWOOD *v.* HARVEY.

When a prosecution is abandoned before trial, "the officer who issued the· warrant" is authorized to "enter a judgment against the prosecutor for all. the costs and enforce it by an execution in the name of the State."   An· execution on such a judgment issued in the name of the accused in the. warrant is void.

Argued November 18, — Decided December 20, 1898.

Certiorari.    Before Judge Smith.    Dodge· superior court.. May 21, 1898.

*Roberts & Milner*, for plaintiff.

Cobb, J.    A warrant against Giles Harvey for a violation of the criminal law was dismissed by the justice of the peace be-

fore whom the accused was brought for trial; the prosecutor having failed to appear and prosecute the case. The order of dismissal recited that the prosecution had been abandoned, and directed that Andrew Underwood, the prosecutor, "pay all cost" in the case. The amount of costs was not stated in the order. An execution was thereupon issued against Underwood for $4.15, which sum the execution stated "Giles Harvey recovered against Andrew Underwood, prosecutor, in our justice's court . . . in the case of the State vs. Giles Harvey, for the cost." The execution was levied, and the defendant interposed an affidavit of illegality upon the sole ground that "there is no authority of law for the issue of such an execution." The illegality was tried before a justice of the peace, and at the trial the plaintiff introduced in evidence the judgment above mentioned, and a witness who testified that Underwood had sworn out a warrant against Harvey and had failed and refused to appear against him. The plaintiff was allowed by the court, over the objection of the defendant, to amend the execution by inserting therein after the name of Giles Harvey the words: "for the use of the officers of court," so that it should read, "which Giles Harvey, for the use of the officers of court, recovered," etc. The court rendered a judgment sustaining the execution and the levy, and the defendant carried the case to the superior court by certiorari, alleging that the justice erred in sustaining the execution, for the reason that "no execution could issue in the name of Giles Harvey personally, or for the use of the officers of the court, or any one else, the law providing that an execution of this kind can only issue or proceed in the name of the State." The certiorari was overruled, and to this Underwood excepted.

The Penal Code declares that when a prosecution is abandoned before trial, "the officer who issued the warrant shall enter a judgment against the prosecutor for all the costs and enforce it by an execution in the name of the State." Penal Code, § 1082. The officer has no authority to issue an execution in any other way, and especially is there lack of authority to issue it in the name of the accused in the warrant, as he has no interest whatever in the matter and is not authorized to col-

lect the costs for the officers of court. The execution is to proceed in the name of the State for the benefit of the officers of court, and must be so issued. The amendment to the execution did not relieve the defect. It was still in the name of the wrong party. There "is no authority of law for the issue of such an execution," either as it stood originally or as amended; and the issue on the affidavit of illegality should have been decided in favor of the defendant in the execution. The court erred in not sustaining the certiorari.

*Judgment reversed. All the Justices concurring.*