## SMITH *v.* BELL.

1. An execution in which no person is named as plaintiff, but regular in all other respects, is not void; and the officer issuing the same may amend it by inserting the name of the plaintiff in the judgment upon which the execution was issued, and such an amendment will not cause the levy to fall.
2. Whether the trial of a claim case shall be suspended in order to allow the execution to be amended is a question addressed to the discretion of the presiding judge.

Argued May 4, — Decided June 7, 1899.

Levy and claim. Before W. A. Brown, judge pro hac vice. Henry superior court. October term, 1898.

*B. P. Bailey* and *J. F. Wall*, for plaintiff.
*William H. Beck* and *Bloodworth & Rutherford,* for defendant.

Cobb, J. Castellaw & Colvin recovered a judgment at the February term, 1897, of a justice's court, against S. S. Kendrick. On February 4, 1897, the justice issued an execution against Kendrick, which followed the judgment in all respects except that no person was named therein as plaintiff. Indorsed upon the execution was the number of the district, the names of the plaintiffs and defendant in the judgment, the amount of the principal and interest of the judgment, and a bill of costs. This execution was transferred by Castellaw & Colvin to J. E. Smith, and, after such transfer, was levied upon certain personal property to which a claim was interposed by J. B. Bell. When the case came on for trial in the superior court on appeal, Smith, the transferee, offered in evidence the execution above referred to. Upon objection being made to the same by the claimant, the transferee moved to amend it by inserting therein the name of Castellaw & Colvin as plaintiffs, and thus make the execution conform to the judgment. To this motion the claimant objected upon the ground that an execution issued by a justice of the peace could not be amended after it had reached the superior court on appeal. This objection was sustained by the court and the motion to amend overruled, and this ruling is assigned as error. Smith then made a motion to allow the justice who issued the execution to amend the same by inserting therein the names of the plaintiffs in the judgment; such justice being present in court with his docket upon which the judgment above referred to appeared, and having been allowed to testify that the execution was issued on the judgment referred to, and that the name of the plaintiffs was omitted from the execution by a mistake on his part. To this motion the claimant also objected upon the ground that the execution was fatally defective and could not be amended in the superior court. The court sustained the objection and overruled the motion to amend; and this ruling is assigned as error. The court then, on motion of claimant, excluded the execution and dismissed the levy; and this ruling is also assigned as error.

1. The question presented for determination in this case is, whether an execution, regular in all respects except that no

person is named therein as plaintiff in the judgment upon which it was issued, is absolutely void, or merely irregular and hence amendable. We do not find any case decided by this court in which this exact question was passed upon. The code declares that "all executions must follow the judgment from which they issued, and describe the parties thereto as described in such judgment." Civil Code, § 5417. There are numerous cases cited under the section just quoted, which establish the proposition that if there is some one named in the execution as plaintiff in the judgment, a misdescription in the name of the plaintiff will not invalidate the execution, when it can with reasonable certainty be ascertained from the terms of the execution that it was issued upon the judgment with which it is sought to connect it. It is also settled by a decision of this court that an execution in favor of an entirely different person from the one named in the judgment as plaintiff is void. *Underwood* v. *Harvey*, 106 *Ga.* 268. See in this connection Blanchard *v.* Blanchard, 3 Ire. L. (N. C.) 105. It is absolutely essential that the execution should be connected with the judgment; the latter being the only authority for the issuance of the former. 1 Freeman on Executions, § 43. Where upon an inspection of the execution enough appears upon its face to connect it with the judgment, a variance between the judgment and execution will not vitiate the latter; and this is the reason at the foundation of the decisions above referred to, holding that a mere misdescription of the parties to an execution is not a fatal defect. Where the execution shows on its face that it is not connected in any way with the judgment and could not possibly be connected with it if the parties therein described are correctly named, such execution would be without authority and void. For this reason the ruling was made in *Underwood* v. *Harvey*, supra, that a judgment duly entered in the name of the State would not support an execution issued in favor of a designated person who was not a party to the judgment. A judgment in favor of one person is certainly no authority for a process to issue in the name of another person; and such an execution, being on its face entirely disconnected with the judgment offered to support it, can not be shown to

have been in fact issued on such judgment, although it was so intended by the officer who issued it. An execution which is complete on its face can not be shown to refer to a judgment other than one which would authorize such an execution to issue; and hence a perfect execution purporting to have been issued on a judgment in favor of one party can never be shown to have in fact issued upon a judgment in favor of another party. But such is not the case when the execution is incomplete. An imperfect execution may be made perfect by amendment. A perfect execution needs no amendment. It needs only the production of the judgment referred to therein, in order to show that it is of vital force. An execution issued by an officer having authority to issue the same, regular upon its face in all respects save that the name of the plaintiff in the judgment is omitted, may be amended by supplying the omission upon its being shown that a judgment was rendered in favor of such party for the amount specified in the execution. Such an execution is not materially variant from the judgment, but simply on account of the omission fails to connect itself with the judgment; and this may be done by parol. In such case the parol evidence is not, offered to change the parties to the execution and to make a paper purporting to have been issued on one judgment really an execution on another judgment, but it is offered to show that a paper incomplete on its face is really supported by a lawful judgment. When thus shown to have issued upon a valid judgment, the clerical omission could be cured by an appropriate amendment; and especially would this be true where upon the back of the execution is indorsed, in connection with the bill of costs which the law requires to be there placed, the names of the parties to the judgment upon which the execution was issued. Civil Code, § 5394. The omission referred to in the present case was a mistake or misprision of the officer issuing the execution, and could be cured by an appropriate amendment being made by him at any time that the same was called to his attention. Civil Code, §§ 5115, 5125. And such an amendment would not, under the present law, cause the levy to fall. Civil Code, § 5114.

The conclusion reached by us in the present case is sup-

ported by the cases of Porter *v.* Goodman, 1 Cow. (N. Y.) 413, and McGuire *v.* Galligan, 53 Mich. 453.   See also 8 Enc. Pl. & Pr. 418 et seq.; Stewart *v.* Severance, 43 Mo. 322; 1 Freeman on Executions, § 43.   A conclusion to the contrary was reached by the Supreme Court of Alabama in the case of Cooper *v.* Jacobs, 82 Ala. 411; but we think the better view is stated by the Supreme Courts of New York and Michigan in the cases cited supra.   There is nothing in the case of *Ramsey v. Cole,* 84 *Ga.* 147, in conflict with what is here ruled.   That case was dealing with judgments and not executions.   An irregular judgment can only be amended in term time by the court which rendered it, but the rule is otherwise as to incomplete executions.   They may be amended at any time.   Civil Code, § 5115.

2. The application to amend the execution was made during the progress of the trial.   The plaintiff in execution in a claim case can not, as a matter of right, have the trial suspended in order to allow him to amend his execution, even though the justice of the peace who issued it may be in court with his docket, but such applications are addressed to the sound discretion of the presiding judge.   In the present case the judge suspended the trial for the purpose of allowing the amendment to be made if it could be lawfully done, and then refused to allow the amendment, upon the ground that the execution was void and therefore not amendable.   In this conclusion we think he erred.

*Judgment reversed.   All the Justices concurring.*