### CHAMBLISS v. HAWKINS.

The city court of Americus has jurisdiction to foreclose a lien in favor of the proprietor of a sawmill on the product of the mill, for work done on material furnished by another, at least where the principal of the amount claimed does not exceed the jurisdiction of the county court.

Argued May 20, — Decided June 16, 1905.

Foreclosure of lien. Before Judge Crisp. City court of Americus. January term, 1905.

*J. H. Lumpkin*, for plaintiff. *Hall & Wimberly*, for defendant.

FISH P. J. Chambliss instituted a proceeding in the city court of Americus, against Mrs. Hawkins, to foreclose a lien for $453, claimed by him as proprietor of a sawmill, on certain lumber sawed by him from timber furnished by the defendant. When the issue made by defendant's counter-affidavit came on to be heard, she moved to dismiss plaintiff's case, on the ground that the city court of Americus did not have jurisdiction of the subject-matter of the suit, but that the superior court of Sumter county had exclusive jurisdiction thereof. The motion was sustained and the case dismissed. The plaintiff excepted. The act creating the city court of Americus (Acts 1900, p. 93, sec. 2) provides, that it "shall have jurisdiction to try and dispose of all civil cases of whatsoever nature, except those cases over which exclusive jurisdiction is vested in the superior courts by the constitution and laws of the State of Georgia," etc. The proceeding to foreclose the lien of the proprietor of a sawmill is not one of those cases of which the superior court is given

exclusive jurisdiction by the constitution. Civil Code, § 5842. The question then is, do the statutes of the State confer upon the superior court exclusive jurisdiction of a case of the character of the one under consideration ? Civil Code, § 2807, declares: "Proprietors of planing-mills and other similar establishments shall have the same lien as provided in section 2805, for work done on material furnished by others," and in *Murphy* v. *Mc-Gough,* 105 *Ga.* 816, it was held that a sawmill is a similar establishment to a planing-mill, and that therefore "The proprietor of a sawmill has a lien on the product of the mill for work done on material furnished by others." Section 2805 provides: "All mechanics of every sort, for work done and material furnished in manufacturing or repairing personal property, shall have a special lien on the same," and declares that when such lien is not asserted by retention of the property, it "shall be enforced in accordance with the provisions of section 2816 of this Code." This last-named section provides: "Liens on personal property, not mortgages, when not otherwise provided, shall be foreclosed in accordance with the following provisions:" (1) There must be a demand on the owner, etc., and a refusal to pay. (2) It must be prosecuted within one year after the debt becomes due. (3) The person prosecuting such lien, or his agent or attorney, must make affidavit showing all the facts necessary to constitute a lien under the code, and the amount claimed to be due; and "if the amount claimed is under one hundred dollars, the application may be made to a justice of the peace, who may take all the other steps hereinafter prescribed, as in other cases in his court." (4) "Upon such affidavit being filed with the clerk, it shall be the duty of the clerk of the superior court or the justice of the peace, if in his court, to issue an execution instanter against the person owing the debt, and also against the property on which the lien is claimed, or which is subject to said lien, for the amount sworn to, and the costs, which execution, when issued, shall be levied by any sheriff of this State, or bailiff, if the amount be less than one hundred dollars, on such property subject to said lien, under the same rules and regulations as other levies and sales under execution." (5) "Affidavits may be made before any officer authorized to administer an oath." (6) The defendant, or any cred-

itor of his, may contest the amount or justice of the claim, or existence of the lien, by filing an affidavit of the fact, setting forth the ground of such denial, " which affidavit shall form an issue to be returned to the court and tried as other causes." The other two paragraphs of the section are not material here. According to the provisions of § 2816, considered alone, it would, therefore, seem that the superior court has exclusive jurisdiction of the foreclosure of sawmill liens on personalty, where the amount claimed is not less than one hundred dollars, but where the amount claimed is under one hundred dollars the justice's court has concurrent jurisdiction with the superior court. On the question whether the superior court has exclusive jurisdiction when the amount claimed is not less than one hundred dollars, the jurisdiction of the county court must be considered. Section 4208 of the Civil Code confers jurisdiction on the judges of the county courts to " foreclose mortgages on personal property and liens." This language means either that the judge of a county court, when the amount claimed is within the jurisdiction of the county court, has jurisdiction to foreclose all liens, except mortgages on realty, or that he has jurisdiction to foreclose liens on personalty only. This being true, in either case he has jurisdiction to foreclose a sawmill lien on personalty. The jurisdiction of the county courts extends "into the county town, district or districts, to all civil cases of contract or tort (save where exclusive jurisdiction is vested in the superior court) where the principal sum claimed in cases of contract or damages in cases of tort does not exceed five hundred dollars; and over the remainder of the county, when the principal sum aforesaid does not exceed five hundred dollars nor is less than fifty dollars." Civil Code, § 4193. The words, " save where exclusive jurisdiction is vested in the superior court," in our opinion, refer to the cases enumerated in the constitution over which that instrument declares the superior court shall have exclusive jurisdiction.

We think this view is supported by the decision in *Durden* v. *Clack*, 94 *Ga.* 278, wherein it was held : " The county court has jurisdiction to try and determine applications for the eviction of intruders." The Code of 1882, § 4074 (now Civil Code, § 4810), declares that in a proceeding to eject an intruder, " the sheriff

shall return both affidavits and deposit them in the office of the clerk of the superior court of the county in which the land lies, upon which an issue shall be made up and tried by a jury, according to the laws of the State." Certainly this language as strongly indicates that the superior court shall have exclusive jurisdiction of proceedings to eject intruders (especially as there can be no trial by jury in civil cases in the county court) as the language, "Upon such affidavit being filed with the clerk, it shall be the duty of the clerk of the superior court . . to issue an execution," indicates that the superior court shall have exclusive jurisdiction of proceedings to foreclose liens, other than mortgages, on personal property. If it should be suggested that the Civil Code, § 4208, expressly confers jurisdiction upon judges of county courts to hear and determine applications for the eviction of intruders, it will be noted, as we have already seen, that the same section also expressly confers upon them jurisdiction to "foreclose mortgages on personal property and liens." Again, if it be asked what procedure will be followed if judges of county courts have authority to foreclose liens on personalty, other than mortgages, the reply is, that the Civil Code, § 4204, provides: "The practice and modes of procedure in the county court . . shall be the same as in the superior court, unless otherwise provided." And surely there would be no more difficulty as to the procedure in the county court in the foreclosure of liens, not mortgages, on personal property, than in the procedure in such court to evict intruders. Again, "The county court, where the amount sued for is within its jurisdiction, has jurisdiction to render a judgment foreclosing a mechanic's lien on realty." *Wheatley* v. *Blalock,* 82 *Ga.* 406. The Civil Code, § 2807, provides: "Proprietors of sawmills, when furnishing material for the improvement of real estate, to purchasers from them for that purpose, shall be entitled to the lien provided in section 2801, to be governed, when the same are applicable, by the rules laid down in said section 2801." This last-named section establishes liens on real estate in favor of mechanics and materialmen. In fixing the jurisdiction of county courts, could the legislature have intended that such courts should have authority to render a judgment foreclosing a lien on realty for five hundred dollars in favor of the proprietor of a sawmill for material furnished to improve

such realty, but that such courts should not have jurisdiction to foreclose a lien for five dollars in favor of the proprietor of a sawmill on lumber he had sawed from timber furnished by his debtor? We can not believe that the legislature ever entertained such an irrational intention. If the county court has no jurisdiction of the foreclosure of a sawmill lien on personalty, then, of course, it has no jurisdiction of the foreclosure of liens on personalty in favor of laborers, landlords for necessaries furnished, nor of any other such liens, established by statute, in favor of various classes of persons, as all such liens, when not otherwise provided, must be foreclosed according to the provisions of Civil Code, § 2816. It has, however, long been the practice, and, so far as we know, without question of the court's jurisdiction, to foreclose all such liens in the county courts, when the amount claimed was within the jurisdiction of such courts. This fact may be considered as showing the opinion of the bar as to the jurisdiction of county courts in such cases. For the reasons stated, we are confident that the county court has concurrent jurisdiction with the superior court of the foreclosure of a lien in favor of the proprietor of a sawmill, for work done on material furnished by the debtor, where the amount claimed is within the jurisdiction of the county court. This being true, the superior court in such a case does not have exclusive jurisdiction under the statute. Therefore, as exclusive jurisdiction is not conferred upon the superior court, either by the constitution or the statute, of the foreclosure of a sawmill lien on personalty, when the amount claimed is within the jurisdiction of the county court, it necessarily follows that the city court of Americus has jurisdiction to foreclose such a lien, at least when the amount claimed is within the jurisdiction of the county court; and the trial judge erred in holding otherwise and dismissing the case.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*