## 18200.　MYRICK *v.* DIXON.

BELL, J. 1. An affidavit to foreclose a laborer's lien may be made before the clerk of a superior court, and this officer may issue the execution thereon. Civil Code (1910), §§ 3366 (4, 5); 4893 (1).

2. Under section 2 of the act of August 18, 1905 (Ga. L. 1905, p. 383), the city court of Thomasville has jurisdiction of a proceeding to foreclose a laborer's lien (*Durden* v. *Clack*, 94 *Ga.* 278 (2) (21 S. E. 521); *Chambliss* v. *Hawkins*, 123 *Ga.* 361 (51 S. E. 337); *Harper* v. *Tomblin*, 127 *Ga.* 390 (56 S. E. 433); *Gunn* v. *Johnson*, 154 *Ga.* 568 (114 S. E. 709); Park's Code (1914), § 4831 (b)); and, under sections 15, 18, and 20 of the same act, the clerk of that court has the same power to issue execution in such a proceeding as is conferred by law upon the clerks of the superior courts. *Wright* v. *Davis*, 120 *Ga.* 670 (5) (48 S. E. 170).

3. Where the clerk of the city court of Thomasville, in issuing an execution upon the foreclosure of a laborer's lien, omitted to make the execution bear test in the name of the judge of that court, the omission, if constituting a defect, was not fatal, but could be corrected by amendment. Ga. L. 1905, p. 383, §§ 27, 29, 30, 39; *Winn* v. *Butts*, 127 *Ga.*

Courts, 15 C. J. p. 987, n. 83.
Mechanics' Liens, 40 C. J. p. 504, n. 84 New.

385 (56 S. E. 406) ; *Brewer* v. *Settle,* 144 *Ga.* 180 (86 S. E. 545, and cit.

4. The court did not err in permitting an amendment of the execution, nor in refusing to dismiss the proceeding upon any ground taken. This ruling is deemed not to be in conflict with the decision in *Woolsey* v. *Lawshe,* 1 *Ga. App.* 817 (57 S. E. 1039), nor with the decision in any other case relied on by counsel for plaintiff in error.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 16, 1927.

Laborer's lien foreclosure; from city court of Thomasville— Judge MacIntyre. April 2, 1927.

*Titus & Dekle,* for plaintiff in error. *J. E. Craigmiles,* contra.