20605. COBB *v.* POUND, administrator.

Decided October 7, 1930.

*W. T. Davidson,* for plaintiff in error. *R. C. Jenkins,* contra.

BLOODWORTH, J.   Richard Pound, as administrator of the estate of Alex Pound, made an affidavit on which a distress warrant was issued against Tommie Cobb, and in this affidavit alleged that Cobb was justly indebted to said administrator in the sum of $20 for the rent of certain land for the year 1927.   This distress warrant was levied on certain personal property.   Thereupon Tommie Cobb filed a counter-affidavit and denied that the sum distrained for was due, and gave bond for the eventual condemnation money and also a forthcoming bond.   Said papers were returned to the proper court.   By consent the case was appealed to a jury in the justice's court.   When the case was called for trial the plaintiff offered to amend the distress warrant and the affidavit upon which it was based, by striking therefrom the figures "1927" wherever they occurred, and inserting in lieu thereof the figures "1926", so that the affidavit and the distress warrant would show that the proceedings were to recover rent for the year 1926.   The justice of the peace refused to allow the amendment.   Thereupon the plaintiff admitted that the defendant owed no rent for the year 1927.   The distress warrant was then dismissed by the justice of the peace.   A petition for certiorari was filed by the plaintiff in which he alleged that the justice of the peace erred in refusing to allow the amendment and in dismissing the distress warrant; and assigned error thereon in his petition.   When the petition was presented to the judge of the superior court it was sanctioned and the writ of certiorari was issued.   The justice of the peace to whom the writ was directed made answer.   Upon a hearing of the petition Judge Park sustained the same and ordered a new trial. Defendant excepted.

When stripped of all its "tapestry and hangings" this case presents only one question for determination by this court, and that is whether or not an affidavit on which a distress warrant is issued can be amended so as to allege that rent claimed was due for the year 1926 instead of 1927 as alleged in the original affidavit, and if the distress warrant can be also so amended.   Upon a hearing of the certiorari the judge of the superior court passed the following order:   "The within certiorari coming on for a hearing in Putnam superior court, March term, 1930, and it appearing to the court that Hon. J. G. Collinsworth, the judge who presided in said case in the court below, has filed his answer and has

adopted said certiorari as his answer, and it further appearing to the court, under section 5706 of the Code of Georgia and under the ruling of the Supreme Court of Georgia, 105 *Ga.* 717, that said distress warrant could be amended, and the refusal to allow said amendment was error, it is therefore considered, ordered, and adjudged by the court that said certiorari be sustained and a new trial granted, with cost against the defendant Tommie Cobb. In open court, March 19, 1930."

Under the authorities cited in the foregoing order of Judge Park, the justice of the peace erred in refusing to allow the amendment to the affidavit and to the distress warrant, and the judge of the superior court properly sustained the certiorari. See, in this connection, *Smith* v. *Bell,* 107 *Ga.* 800 (1) (33 S. E. 684, 73 Am. St. R. 151) ; *Read* v. *Glynn County,* 145 *Ga.* 881 (2) (90 S. E. 60) ; *Empire State Chemical Co.* v. *Shubrick,* 148 *Ga.* 551 (3), 554 (3) (97 S. E. 541) ; *Myrick* v. *Dixon,* 37 *Ga. App.* 536 (3) (140 S. E. 920).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*