A98A0174. OSBORNE BONDING & SURETY COMPANY v. STATE OF GEORGIA.

(501 SE2d 264)

JOHNSON, Judge.

Osborne Bonding & Surety Company ("Osborne Bonding") entered into a bond with principal/defendant Juan Martin Olmos in the amount of $5,000. When Olmos failed to appear in court as ordered, a bench warrant and rule nisi scheduling the bond forfeiture proceeding were issued. Olmos failed to appear at the execution hearing, and his bond was forfeited. A writ of fieri facias was issued, but showed the principal's name as "Olmos Juan Martin." The writ itself is not included as part of the record on appeal. Osborne Bonding filed

a petition to set aside the bond and writ of fieri facias, which the trial court denied. We affirm.

1. In its first enumeration of error, Osborne Bonding contends the trial court erred in upholding a judgment against it that was insufficient and defective on its face. We disagree.

OCGA § 9-13-3 states, "[e]very execution shall follow the judgment upon which it issued and shall describe the parties thereto as described in the judgment." This Court has previously held that minor variances, including a misdescription in the name of the principal, will not invalidate the execution when it can with reasonable certainty be ascertained from the terms of the execution that it was issued upon the judgment with which it is connected. See *Smith v. Bell*, 107 Ga. 800, 802-803 (1) (33 SE 684) (1899) (execution followed the judgment in all respects, but totally failed to name the plaintiff); *Moughon v. Brown*, 68 Ga. 207 (1881) (execution named the plaintiffs, but failed to include descriptive words "surviving executor and executrix of Jos. Bond, deceased").

The Rule Absolute forfeiting Olmos' bond stated that judgment should be entered against Juan Martin Olmos and Osborne Bonding. However, the fieri facias stated the principal's name as Olmos Juan Martin. This is not a case where an execution in the name of an entirely different person from the one named in the judgment is entered. See *Smith*, supra. Rather, the principal's name, which we note is unusual, was shuffled.

Moreover, while the writ of fieri facias is not part of the record on appeal, the trial court's order recites that the fieri facias stated the correct case number and the correct judgment amount. Thus, the correct principal could be ascertained with reasonable certainty from the terms of the execution that it was issued upon. We also note that a copy of the fieri facias is attached to Osborne Bonding's brief. While an attached document to an appellate brief is not sufficient proof of evidence in the record, the inclusion of the copy of this fieri facias in this case may be construed as an admission by Osborne Bonding that it is indeed the writ the trial court had before it. In addition, the attached copy of the fieri facias is consistent with the trial court's recitation of the facts. For these reasons, the trial court's order denying Osborne Bonding's motion to set aside the bond and writ of fieri facias is affirmed.

2. While Osborne Bonding raises three other enumerations of error in its appeal, these issues were not raised in or ruled upon by the trial court. Therefore, we may not consider these issues on appeal. *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 2, 1998.

*Boswell & Teske, Stephen E. Boswell*, for appellant.
*Robert E. Keller, District Attorney, Foster & Foster, Donald R. Foster*, for appellee.