## NOBLE *et al. v.* BURNEY.

Where the superior court and a city court in the same county have concurrent jurisdiction of a warrant for the eviction of a tenant holding over and the counter-affidavit thereto, and the sheriff returns the papers to the clerk of the superior court, and that officer, who is also clerk of the city court, places the case upon the issue docket of the superior court, he has no right, on his own motion or at the request of counsel for the plaintiff, to cancel the entry on the superior-court docket, change the entries on the papers, and transfer the case to the docket of the city court, without an order of the judge of the superior court.    This is true although the act creating the city court makes such a case returnable to that court unless the plaintiff otherwise directs.

Argued November 13, — Decided December 10, 1902.

Warrant to evict tenant holding over.    Before Judge Reece. City court of Floyd county.    March 20, 1902.

*Denny & Harris*, for plaintiffs.
*McHenry & Maddox*, for defendant.

SIMMONS, C. J. The plaintiffs in error sued out a warrant against Burney to dispossess him of certain premises as a tenant holding over and beyond his term. Burney filed the affidavit required by law, and the sheriff returned the papers to the clerk of the superior court, who placed the case on the docket of the superior court. This return to the clerk was made about February 14, 1902. The next term of the superior court after the return of the warrant to the clerk did not commence until the July following. The next term of the city court of Floyd county was the March term, 1902. At the request of counsel for the plaintiffs, the clerk canceled the entry of the case on the dockets of the superior court, and erased the entries on the papers showing a return to the July term of the superior court, and changed them so as to show a return to the March term of the city court. He also entered the case on the dockets of the city court. The same person was clerk of the superior court and clerk of the city court. When the case was called in the city court, the defendant moved to dismiss it on the ground that the court was without jurisdiction, as the case had been docketed in the superior court, which court alone had jurisdiction of the case. The above facts appearing, the court struck the case from its dockets. The plaintiffs excepted.

The Civil Code, § 4816, declares that, after the counter affidavit has been made in a case like this, the sheriff shall return the proceedings to the next term of the superior court. The act creating the city court of Floyd county declares that the officer shall in such a case return the proceedings to that court unless the plaintiff otherwise directs. Acts 1882–3, p. 536. Thus it appears that there are two courts in the county of Floyd having jurisdiction of such cases as the present. The code makes it the duty of the sheriff to return the proceedings to the superior court. The act creating the city court makes the proceedings returnable to that court unless the plaintiff directs otherwise. The code is mandatory; the act creating the city court is not so strong in expression as to the court to which the proceedings should be returned. The sheriff chose to follow the code and returned the proceedings to the clerk of the superior court, and that clerk placed the case on the docket of the superior court, as he had the right to

do. When it was thus placed on the docket, the case became one pending in the superior court. According to our views, it must remain in that court to be tried or transmitted to the city court by an order of the judge of the superior court. The fact that the clerk of the superior court was also clerk of the city court did not authorize him to cancel the case on the superior-court docket and transmit it to the city court. While he was one person holding both offices, they were separate and distinct, and he was in himself two separate and distinct officials. He could not act as clerk of the city court in a manner which would affect his actions as clerk of the superior court. Had the offices been held by two different men, neither could have canceled the case from the dockets of one court and transmitted it to the other. The clerk of a court of record has no authority to strike from the docket a case which is properly returned to that court and entered on the docket. The judge of the court has control of the dockets, and he is the only person authorized to strike cases from the dockets or to make entries thereon. This case having been properly returned by the sheriff to the superior court and having been properly entered upon its dockets, it was improper for the clerk to strike it from the docket and transfer it to another court. When the defendant in the proceeding ascertained that the case had been returned to the superior court, he could properly assume that it would remain in that court until the judge had regularly made some disposition of it. The judge of the city court was, therefore, right in striking the case from the dockets of the city court. The effect of his judgment was to strike the case from his dockets and to leave it pending in the court to which it had been first returned, that court having jurisdiction.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*