STEPHENSON *v.* WARREN.

TURNER, J. 1. The city court of Moultrie has no authority to hear and determine an issue formed by a counter-affidavit to a warrant issued against one as a tenant holding over. Acts of 1901, p. 136, sec. 2. Exclusive jurisdiction over such a proceeding is, by statute, conferred upon the superior courts. Civil Code, § 4816.

2. The judge of that city court has, however, under the express terms of section 12 of the act creating it, authority to administer oaths and take the necessary affidavits from persons entitled to apply for warrants to dispossess tenants holding over, as well as authority to issue such warrants.

3. It follows that where a warrant issued by the judge of that court against one in possession of land is met by a counter-affidavit, it is the duty of the officer serving the warrant to "return the proceedings to the next superior court of the county where the land lies," agreeably to the provisions of the section of the code above cited, in order that "the fact in issue [may] be there tried by a special jury, as in case of appeal."

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Argued January 25, — Decided February 13, 1904.

Warrant to evict tenant holding over. Before Judge Covington. City court of Moultrie. June 11, 1903.

*J. D. McKenzie* and *Shipp & Kline*, for plaintiff.
*Humphreys & Humphreys*, for defendant.