### HARPER *v.* TOMBLIN.

A county court has jurisdiction to hear and determine an issue formed by a counter-affidavit to a warrant issued against one as a tenant holding over.

Submitted July 18, 1906.—Decided January 17, 1907.

Eviction—appeal. Before Judge Mitchell. Berrien superior court. September term, 1905.

*Buie & Knight* and *H. B. Peeples,* for plaintiff.

*R. A. Hendricks,* for defendant.

EVANS, J.   This record presents the single question of the jurisdiction of a county court to try the issue made by the tenant's counter-affidavit to a warrant issued by a notary public and ex-officio justice of the peace, on the affidavit of the landlord to eject the tenant as holding over beyond his term.   See Civil Code, §§ 4813, 4814, 4815.   It is contended that the county court has no jurisdiction to try this issue, because the Civil Code, § 4816, requires that when the counter-affidavit and bond of the tenant are made and delivered to the executing officer, he shall return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall there be tried by a special jury, as in case of appeal.   If there were no other legislation on the subject, this contention would be sound.   But the Civil Code, § 4208, expressly confers on the county judge jurisdiction "to hear and determine all applications for the eviction of intruders, tenants holding over," etc.   It is true that § 4816 declares that the executing officer shall return the proceedings to the superior court for trial, and no provision is made by statute for the return of such proceedings to the county court.   However, jurisdiction is by statute conferred on the county court to hear and determine the issue, and if the proceedings are actually returned to the county court, they are triable in that court.   The county judge may be without power to compel the executing officer to return the proceedings to his court, but this deficiency does not deprive him of the jurisdiction to try the case given him by the code section, should the papers be filed in his court.

Where an affidavit is made to eject an intruder, and a counter-affidavit is placed in the hands of the executing officer, the statute declares that he "shall return both affidavits, and deposit them in the office of the clerk of the superior court of the county in which the land lies, upon which an issue shall be made up and tried by a jury, according to the laws of this State."   Civil Code, § 4810. There is no provision made for the return of the proceedings in such a case to the county court.   Yet it has been held that the county court has jurisdiction to try and determine applications for the eviction of intruders.   *Durden* v. *Clack,* 94 *Ga.* 278; *Music* v. *Barber,* 99 *Ga.* 800.   The analogy between the provisions of the code for the return for trial and the jurisdiction of the courts, be-

tween the cases of an intruder and a tenant holding over, is identical in principle.     Our attention is called to the case of *Stephenson v. Warren,* 119 *Ga.* 504, as holding that exclusive jurisdiction over such a proceeding is conferred by the Civil Code, § 4816, on the superior court.     The only question in that case was the jurisdiction of the city court of Moultrie to hear and determine an issue formed by a counter-affidavit to a warrant issued against one as a tenant holding over; and the holding that the superior court was vested with exclusive jurisdiction in such cases is obiter.     We think the county court had jurisdiction of the issue formed on the counter-affidavit of the tenant, and that on appeal to the superior court from a judgment rendered in the county court it was error for the judge of the superior court to dismiss the plaintiff's case on the ground that the superior court had exclusive jurisdiction and that the judgment in the county court was a nullity from which no appeal could be taken.

*Judgment reversed.     All the Justices concur, except Fish, C. J., absent.*