## McDONALD v. VAUGHN.

The act of the General Assembly creating the city court of Vienna (Acts 1901, p. 189), in so far as it seeks to provide that the court shall have jurisdiction to try an issue founded on the counter-affidavit made in resistance to a warrant to dispossess a tenant holding over, is not unconstitutional and void in that it is contrary to article 1, section 4, paragraph 1, of the constitution of the State of Georgia, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," on the ground that there is a general law (Civil Code, § 4816) which provides that such issues shall be tried in the superior court of the county where the land lies, and that the act above referred to, creating the city court of Vienna, is a local law covering the same subject-matter.

Submitted March 16,—Decided March 26, 1908.

Constitutional question, from the Court of Appeals.

*S. R. Fields* and *Shipp & Sheppard,* for plaintiff in error.

*George & Woodward* and *M. P. Hall,* contra.

EVANS, P. J. The following question has been certified to us by the Court of Appeals: "Is the act of the General Assembly creating the city court of Vienna (Georgia Laws 1901, p. 189), in so far as it seeks to provide that said court shall have jurisdiction to try an issue founded on the counter-affidavit made in resistance to a warrant to dispossess a tenant holding over, unconstitutional and void in that it is contrary to article 1, section 4, paragraph 1, of the constitution of the State of Georgia (Civil Code, § 5732), which provides that 'laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law,' on the ground that there is a general law (Civil Code of 1895, § 4816) which provides that such issues shall be tried in the superior court of the county where the land lies, and that the act above referred to, creating the city court

of Vienna, is a local law covering the same subject-matter?" We answer this question in the negative. The clause of the constitution to which reference is made, in the absence of a general act providing for the establishment of city courts, does not forbid the legislature from creating a constitutional city court and defining its powers and jurisdiction. The constitution authorizes the creation of city courts from time to time, in the legislative discretion. Not only may these courts be created at the legislative will, but they are expressly excepted by the constitution from the operation of the requirement of uniformity in jurisdiction, powers, and procedure of other courts. Article 6, section 9, paragraph 1, of the constitution (Civil Code, §5859) declares: "The jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly." It is clear that the legislature, by a general act, could make provision for the establishment of city courts, conferring upon them jurisdiction and powers not expressly reserved by the constitution to other courts, and that a city court established under such general act would have concurrent jurisdiction with existing courts over matters within its jurisdictional limitation. The legislative power to establish a city court by a separate and independent act necessarily implies the right to confer upon it jurisdiction over the particular subject-matters which could constitutionally be given to a city court by a general act. Were it otherwise, it would be impossible to establish a city court by an independent statute, as permitted by the constitution, since the general laws of force make provision for the trial of all cases in some existing court.

Moreover, section 4816 of the Civil Code, which provides for the return of the warrant to dispossess a tenant, and the counter-affidavit, to the superior court, for trial in that court, does not have the effect to vest exclusive jurisdiction in the superior court. In the case of *Harper* v. *Tomblin,* 127 *Ga.* 390 (56 S. E. 433), it was held that the Civil Code, §4208, expressly conferred upon county courts jurisdiction to hear and determine cases of this character, and that the superior court did not have exclusive jurisdiction over the same. The act creating the city court of Vienna does not at-

tempt to take from the superior court any of its jurisdiction. It merely confers upon the city court of Vienna concurrent jurisdiction within the territorial limits of that court. There is no constitutional provision which denies to the legislature the power to confer upon a city court, created under constitutional authority, concurrent-jurisdiction as to all matters except such as the constitution has placed within the exclusive jurisdiction of other courts.

*All the Justices concur.*