## 8982. DOROUGH v. MORRIS.

1. The city court of Nashville has jurisdiction of the trial of proceedings to evict a tenant holding over, and the trial judge properly refused to entertain objections to the jurisdiction of the court in the instant case.

2. The defendant, having recognized the right of the sheriff to allow him the occupancy of apartments in the county jail, was estopped from denying such right when the sheriff sought to evict him at the termination of his tenancy and to collect unpaid rent from him.

3. The evidence was not in dispute, and supported the allegations in the

affidavit. The court did not err in directing a verdict in favor of the plaintiff.

DECIDED DECEMBER 14, 1917.

Eviction; from city court of Nashville—Judge Christian. June 11, 1917.

*William Story, J. P. Knight,* for plaintiff in error.

*Hendricks, Mills & Hendricks,* contra.

HARWELL, J. 1. The affidavit on which these proceedings to evict a tenant holding over were based was made before the judge of the city court of Nashville; the warrant was issued by him, and was served by the coroner of Berrien county; and the proceedings were returned by the executing officer to the city court. The counter-affidavit filed by the defendant attempted to make the proceedings returnable to the superior court. When the case was called for trial the defendant's counsel objected to its proceeding to trial in the city court, on the ground that "in his counter-affidavit defendant elected that his case be placed in and tried in the superior court of Berrien county, and for that reason this court is without jurisdiction in the premises." The court over-ruled the objections to its jurisdiction, and, we think, properly did so. The city court of Nashville was given, by the act creating that court, "jurisdiction to try and dispose of all cases of whatever nature, except over which exclusive jurisdiction is vested in other courts." Acts 1905, p. 314. Section 14 of that act further provides that "the judge of the city court of Nashville shall have authority to issue . . warrants to dispossess tenants holding over, . . and to hear the same." Acts 1905, p. 317. Section 5388 of the Civil Code (1910), which provides for the return of the warrant to dispossess a tenant, and the counter-affidavit, to the superior court, for trial in that court, does not have the effect to vest exclusive jurisdiction in the superior court for the trial of such cases. *McDonald* v. *Vaughn,* 130 *Ga.* 398, 399 (60 S. E. 1060). Hence it follows that the city court has jurisdiction of such proceedings. Jurisdiction over such proceedings being by statute conferred on the city court, and such proceedings having been in this case returned to the city court by the officer executing the same, the case was triable in that court. *Harper* v. *Tomblin,* 127 *Ga.* 390, 391 (56 S. E. 433). The plaintiff in error relies on the case of *Noble* v. *Burney,* 116 *Ga.* 626 (42 S. E. 1009), to sustain his contention that the proceedings in this case should have been

returned to the superior court, and that the city court had no jurisdiction over them. But in that case the court said: "The sheriff chose to follow the code and returned the proceedings to the clerk of the superior court, and that clerk placed the case on the docket of the superior court, as he had the right to do. When it was thus placed on the docket, the case became one pending in the superior court. According to our views, it must remain in that court to be tried or transmitted to the city court by an order of the judge of the superior court." When the officer returned the proceedings in the instant case to the city court of Nashville for trial, the case became one pending in that court; and the court having once obtained jurisdiction of the case, its jurisdiction was not ousted by the mere attempt in the defendant's counter-affidavit to make the case returnable to the superior court.

2. The affidavit was made by Morris, sheriff of Berrien county, for the purpose of evicting Dorough from the apartments of the county jail which were constructed for the residence of the jailer. It was alleged that Dorough had been employed by Morris, the sheriff, to perform certain duties in connection with the prisoners in the jail, and also to work on the sheriff's farm, the term of employment to continue as long as Dorough gave satisfaction; that Dorough's services became unsatisfactory to the sheriff, and on April 5, 1916, he paid him all wages earned to date and discharged him, but that the defendant had continued to remain in possession of the apartments in the jail. The defendant demurred generally and moved to strike this affidavit; and he contends that it should have been dismissed for the reason that the sheriff had no right to maintain such an action, but that it should proceed in the name of the county. Be this as it may, we do not think it lies in the mouth of the tenant to dispute the right of the sheriff to rent him these apartments in the county jail and to evict him therefrom after his term is over. We think that, by analogy to the well-established rule that a tenant can not dispute his landlord's title to the premises, he can not dispute his landlord's right to lease the premises to him after he has gone into possession and occupied the same under such agreement. It is clear that Dorough entered into possession under the authority of Morris, the sheriff. Morris, therefore, was his landlord; and Dorough having accepted possession under him, that entry was an ac-

knowledgment of Morris's right to allow him the occupancy of the jail, and he can not deny such a right when at the expiration of his tenancy Morris seeks to evict him. See *Grizzard* v. *Roberts,* 110 *Ga.* 41, 45 (35 S. E. 291). It has been held that the fact that the property leased by a private person is public property does not prevent the operation of the estoppel. 24 Cyc. 941 (5). The trial judge did not err in overruling the demurrer.

3. The evidence upon the trial of these proceedings was undisputed, and demanded a finding in favor of the sheriff against his tenant. The latter can not complain because, in the same proceedings, a judgment was entered against him for rent due the sheriff. Section 5389 provides that in such cases double rent may be recovered, whereas in this case the judgment entered against him was for the rent only during his occupancy. The court did not err in overruling the motion for a new trial, based upon the general grounds only.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*