### 9862.  E. TRIS.NAPIER COMPANY *v.* BROWN.

Jurisdiction to try and determine issues made under dispossessory warrants against tenants holding over is not given by the act creating the municipal court of Macon.

DECIDED JANUARY 14, 1919.

Certiorari; from Bibb superior court—Judge Mathews.  April 24, 1918.

*C. H. Garrett,* for plaintiff in error.

*J. P. Burnett, Napier & Maynard,* contra.

JENKINS, J.  The sole question in this case is, whether, by the terms of the act of the General Assembly creating it, the municipal court of Macon is given jurisdiction to try and determine issues made under dispossessory warrants.  The legal purpose and intent of the act in this respect will suffice to determine the only question involved in the case.  The Supreme Court has held that an act giving to a city court concurrent jurisdiction to try an issue formed by a counter-affidavit to dispossessory warrants is not unconstitutional as being a special law where there is an existing general law.  *McDonald* v. *Vaughn,* 130 *Ga.* 398 (60 S. E. 1060).

Moreover, the municipal court of Macon was established under an act passed in pursuance of a constitutional amendment which had authorized the legislature to confer upon such a court jurisdiction to try any case which, under the constitution, was not within the exclusive jurisdiction of some other court. The constitution itself does not give to any court exclusive jurisdiction in the matter of evicting tenants holding over. While section 5388 of the Civil Code (1910) provides that if the counter-affidavit and bond provided for in such a proceeding shall be made by the alleged holding-over tenant, and delivered by him to the sheriff or constable, the proceedings to evict shall be stayed, and the officer shall return the papers "to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a special jury as in case of appeal," it is nevertheless true that this provision of the code can not be taken as giving to the superior court exclusive jurisdiction of such cases, since it is plainly modified by the provisions relative to the jurisdiction given to county courts (Park's Ann. Code, § 4775 (mm) ); and the Supreme Court ruled in *Harper* v. *Tomblin*, 127 *Ga.* 390 (56 S. E. 433), that a county court, by virtue of this section pertaining to its jurisdiction, has full authority to hear and determine such an issue.

In the case just mentioned, the statement made in *Stephenson* v. *Warren*, 119 *Ga.* 504 (46 S. E. 647), to the effect that "exclusive jurisdiction over such a proceeding is, by statute, conferred upon the superior courts," is stated to be obiter, since the point in the *Stephenson* case was not at all whether a county court had such jurisdiction, but pertained solely to the question as to whether or not such jurisdiction was in the city court of Moultrie. The ruling made in the *Stephenson* case, however, to the effect that the city court of Moultrie was without such authority was in nowise overruled. By reference to the act of the legislature creating the city court of Moultrie, and cited in the *Stephenson* case (Ga. L. 1901, p. 136, § 2), it will be seen that the jurisdiction of that court is at least fully as broad as that which is conferred upon the municipal court of Macon. The city court of Moultrie was given general and sweeping authority to "try and dispose of all cases of whatever nature, except cases over which exclusive jurisdiction is vested in other courts," whereas the jurisdiction given to the municipal court of Macon is defined (Ga. L. 1913, p. 253,

§ 2) as follows: "Said Municipal Court of Macon shall have jurisdiction within the incorporate limits of the City of Macon, as aforesaid, concurrent with the Superior Court to try and dispose of all civil causes or proceedings of whatever nature, whether arising ex contractu or ex delicto, under the common law or by statute, *in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed five hundred dollars, and of which jurisdiction is not vested by the Constitution and laws of the State of Georgia exclusively in other courts."* (Italics ours.) Section 15 of this act is as follows: "Be it further enacted by the authority aforesaid, that all warrants, summary processes and writs issuing out of said Municipal Court, in which the principal sum claimed to be due or the value of the property in dispute does not exceed five hundred dollars ($500.00), shall be returnable to said Municipal Court in the same manner and under the same rules as such writs are required to be returned to the Superior Courts or the Justice Courts of this State as the case may be."

While, as we have seen, the jurisdiction given by section 5388 of the code to the superior courts is not exclusive, since the code itself gives concurrent jurisdiction to the county courts, and since the provisions of various acts of the legislature creating city and municipal courts have legally given and may legally continue to give concurrent jurisdiction in such cases, still, before any other court shall have such concurrent jurisdiction, it must first have been actually granted to it by the law-making body. In other words, all dispossessory warrant cases shall, in accordance with section 5388 of the code, be returned to the superior court of the county in which the land lies, except in so far as concurrent jurisdiction may be or has been given, either under other provisions of the code or under the special acts of the legislature creating city and municipal courts. Can the language of the act creating the municipal court of Macon be taken as giving to it such concurrent jurisdiction? The summary process by which claims for rent are to be collected is that of distress warrant. The primary purpose and intent of a dispossessory warrant against a tenant holding over is to obtain possession of the premises thus wrongfully withheld. Section 5386 of the code provides that when the affidavit provided for to be made by the owner of the property against ten-

ants holding over has been made, he is entitled to a writ or process directed to the sheriff, or his deputy, or any lawful constable, commanding and requiring him to deliver to the owner possession of the land or tenements mentioned. When such possession has been thus obtained, there is an end to the matter, since, unless the tenant holding over sees proper to file a counter-affidavit and bond, no issue has been raised for trial. *Clark* v. *Lee*, 80 *Ga.* 617 (6 S. E. 170). It is true that if the tenant sees proper to arrest the proceeding and prevent the removal of himself and goods from the land, he may do so by declaring on oath any of the defenses specified by the code, and at the same time furnishing a bond with good security payable to the landlord for the payment of such sum, with costs, as may be recovered against him on the trial of the case; and if upon the trial of the case the issue should be determined against the tenant, then the person taking out the warrant would not only be entitled to an enforcement of the writ of dispossession against the tenant, but would also be entitled to a judgment against him for double the rent reserved or stipulated to be paid, or if he should be a tenant at will or sufferance, then for double the amount of what the rent of the premises is shown to be worth. The purpose of such a proceeding is, however, to obtain possession of the premises, and not the incidental penalty which may or may not be imposed, according to whether the tenant may wrongfully seek to resist the proceeding of the writ. In a proceeding against a tenant holding over, it is not even necessary that any mention as to rent shall be made in the affidavit, in order for such penalty to be recovered. *Pettis* v. *Brewster*, 94 *Ga.* 527 (19 S. E. 755). It was held by this court in the case of *Tomlin* v. *Harper*, 6 *Ga. App.* 808 (65 S. E. 1093), that upon the trial of such an issue in the county court, certiorari, and not appeal from that court to the superior court, is the proper procedure, inasmuch as the purpose of the writ is merely to obtain possession of the premises, whereas an appeal is allowed only in a case where the principal sum or the damages claimed exceeds $50.

The municipal court of Macon is given very large and important powers and functions, but it is nevertheless a court of limited and not general jurisdiction, and thus can claim only such jurisdiction and authority as has been specifically granted to it. The provisions of the act by which it was created confers general power and

authority to try and dispose of all civil cases or proceedings of whatever nature *in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed* $500, and of which jurisdiction is not vested by the constitution and laws of the State of Georgia exclusively in other courts. Since a dispossessory warrant is not a proceeding in which a sum not exceeding $500 is sworn to or claimed to be due, and the property itself is not properly in dispute, and since the only questions involved and to be determined in such a proceeding are whether the relation of landlord and tenant existed between the parties, and, if so, whether the relation terminated in such a way that the landlord is entitled again to the possession of the premises (*Jordan* v. *Jordan*, 103 *Ga.* 482, 30 S. E. 265), we do not think that the jurisdiction conferred by the act above quoted can be properly taken as covering the subject-matter of a dispossessory proceeding. The judgment of the superior court sustaining the certiorari is therefore

*Affirmed. Wade, C. J., and Luke, J., concur.*