### 14028. BRANCH *v.* HEWIN.

The judge of the county court had jurisdiction to foreclose mortgages on personal property; he was clerk of his own court; and the execution signed by him as judge and ex officio clerk of the county court, which was issued on the foreclosure of the mortgage in this case, was not subject to attack by motion to quash on the ground that the clerk of the county court was without jurisdiction to issue it.

DECIDED JANUARY 10, 1923.

Foreclosure of lien; from Franklin superior court — Judge W. L. Hodges. September 27, 1922.

*Linton S. Johnson, John J. Strickland,* for plaintiff.

*W. R. Little, O. L. Little, R. T. Camp,* for defendant.

BLOODWORTH, J. R. E. Branch made affidavit before the judge of the county court of Oconee county to foreclose a liveryman's lien on certain horses, and swore that P. C. Hewin, of Franklin county, was indebted to him $212.83 for feed and care of two horses. By amendment it was shown that the horses were then in Oconee

county. The affidavit shows also that the horses were in the possession of Branch. The execution which was levied provided that the levying officer should "have the said several sums of money before the superior court of Franklin county on the 3d Monday in January next," and was signed "R. R. Burger, Judge Oconee County Court and ex officio Clerk County Court." The papers were returned to the superior court of Franklin county, and in that court the following order was passed: "It is ordered and adjudged by the court that the execution in said case be quashed for want of jurisdiction of the clerk of the county court of Oconee county, Ga., to issue same, and the levy under and by virtue of said execution is hereby dismissed."

It was error to quash the execution. The county-court act provides that the county judge shall have jurisdiction to "foreclose mortgages on personal property and liens," and shall be "the clerk of his own court." Park's Ann. Code, §§ 4475 (mm) and 4775 (q). See also § 4775 (r); *Harper* v. *Tomblin,* 127 *Ga.* 390 (56 S. E. 433); *Napier Co.* v. *Brown,* 23 *Ga. App.* 213 (98 S. E. 120); *Brown* v. *Alfriend,* 61 *Ga.* 12. Though the entire chapter relating to county courts, sections 4170 to 4217 (inclusive) of the Civil Code of 1895, was left out of the Civil Code of 1910, this law was not thereby repealed. *Wiggins* v. *State,* 17 *Ga. App.* 749 (6) (88 S. E. 411).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*