15525.  FARMERS HARDWARE COMPANY *v.* BEARDEN.

The county court had jurisdiction of an attachment for $81, made returnable to that court.

DECIDED JUNE 10, 1924.

Appeal; from Putnam superior court—Judge Park.  March 18, 1924.

*R. C. Jenkins,* for plaintiff.

*W. T. Davidson,* for defendant.

BLOODWORTH, J.  An attachment for $81 was issued by a justice of the peace in Putnam county, and made returnable to the county court of that county.  By consent the case was appealed to the superior court, where the levy was dismissed and the attachment quashed "on the ground that the attachment is made returnable to the county court, when, under section 5063 of the Civil Code, the attachment, being for less than one hundred dollars, should have been made returnable to some justice court of this State, and, not having been made returnable to the justice court from which the attachment issued, or some other justice court of this State, the attachment is void."  It is true that section 5063 of the Civil Code of 1910 provides that "when the debt sworn to does not exceed the sum of one hundred dollars the attachment shall be made returnable to the next justice's court of the district in which the debtor resides or last resided."  However, where the attachment is made returnable to a county court, under the principle announced in *Ferger Grain Co.* v. *Eatonton Milling &c. Co.,* 17 *Ga. App.* 170 (86 S. E. 401), and in *Harper* v. *Tomblin,* 127 *Ga.* 390, 391 (56 S. E. 433), the provisions of this section of the code do not operate to vest exclusive jurisdiction in the justice's court and divest the county court of the jurisdiction conferred upon it by section 4193 of the Civil Code of 1895 (§ 4775 (x) of Park's Annotated Civil Code), which provides that "The jurisdiction of the county courts shall extend into the county town, district or districts, to all civil cases of contract or tort (save where exclusive jurisdiction is vested in the superior court) where the principal sum claimed in cases of contract or damages in cases of tort does not exceed five hundred dollars; and over the remainder of the county, when the principal sum aforesaid does not exceed five hundred dollars nor is less than fifty dollars."  See Park's Ann. Code, § 4775 (mm); *Aycock* v. *Subers,* 73 *Ga.* 807; *So. Ry. Co.* v. *Wells,* 103 *Ga.* 211

(29 S. E. 714) ; *McDonald* v. *Vaughn*, 130 *Ga.* 398, 399 (60 S. E. 1060) ; *Dorough* v. *Morris*, 21 *Ga. App.* 478 (94 S. E. 641) ; *Napier Co.* v. *Brown*, 23 *Ga. App.* 212 (98 S. E. 120) ; *Branch* v. *Hewin*, 29 *Ga. App.* 402, 403 (115 S. E. 500). Jurisdiction over such a case as this being by statute conferred on the county court, and the attachment in this case having been returned by the proper officer to the county court, the case was triable in that court.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*