## 31613. LASHLEY *v.* McDOWELL.

DECIDED SEPTEMBER 19, 1947.

696

*P. Z. Geer, J. A. Drake,* for plaintiff in error.

*A. H. Gray,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▮ The act of the General Assembly creating the City Court of Blakely provides: "That from and after the passage of this act the City Court of Blakely be, and the same is, hereby created and established, to be organized, located and held in the county-site of said county, with jurisdiction, civil and criminal, over said County of Early, save where exclusive jurisdiction is vested in the superior court." Ga. L. 1906, p. 161, sec. 1.

Section 14 of the act (page 165) provides: "The judge of the City Court of Blakely shall have power and authority to hear and determine all civil cases of which said court has jurisdiction, and to give judgment thereon; *provided,* that any party in any case shall be entitled to a trial by jury by entering a demand therefor by himself or attorney on or before the call of the docket of the

term of said court to which said case is made returnable in all cases where such party is entitled to a jury trial under the Constitution and laws of this State."·

The above-quoted provisions of the act of 1906 creating the City Court of Blakely contain all of the powers as to the jurisdiction granted by the legislature to the City Court of Blakely.

The Superior Court of Early County had jurisdiction to try the issue formed by the issuance of the dispossessory warrant and the filing of a counter-affidavit, by the authority contained in the Code, § 61-304, which is as follows: "If the counter-affidavit and bond provided in the preceding section shall be made and delivered to the sheriff or deputy sheriff or constable, the tenant shall not be removed; but the officer shall return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a jury."

The Constitution itself does not give to any court exclusive jurisdiction in the matter of eviction of tenants holding over. While § 61-304 of the Code of 1933 provides that, if the counter-affidavit and bond provided for shall be made by the alleged holding-over tenant, and delivered by him to the sheriff or constable, the proceedings to evict shall be stayed, and the officer shall return the papers "to the next superior court of the county where the land lies, and the fact in issue shall be there tried by a jury" as in case of appeal; it is nevertheless true that this provision of the Code can not be taken as giving to the superior court exclusive jurisdiction of such case, since it is plainly modified by the provisions relative to the jurisdiction given to county courts. This provision of statute law regarding the jurisdiction of county courts over the hearing of dispossessory warrants designed to evict tenants holding over is contained in Park's Annotated Code, § 4775 mm, but was omitted from the Code of 1910 and has been left out of the Code of 1933. (See editorial note preceding Chapter 24-22, Code, 1933.) However, it was held in *Harper* v. *Tomblin*, 127 *Ga.* 390 (56 S. E. 433), decided January 17, 1907, before the adoption of the Code of 1910, and taken from the Code of 1895 as § 4208, that, by virtue of this statute conferring such jurisdiction upon county courts, the superior courts do not have exclusive jurisdiction in such cases, irrespective of the provision of §§ 4813 et seq. of the Code of 1895, which is now embodied in the Code of 1933 as

§ 61-304, and to which reference is hereinbefore made. The Supreme Court there ruled that a county court, by virtue of this section pertaining to its jurisdiction, has authority to hear and determine such an issue.

Legislation conferring jurisdiction to hear dispossessory-warrant cases on courts other than the superior court, is held not to be unconstitutional as being contrary to art. 1, sec. 4, paragraph 1, of the Constitution of Georgia, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." *McDonald* v. *Vaughn,* 130 *Ga.* 398 (60 S. E. 1060).

The statement to the effect that "exclusive jurisdiction over such a proceeding is, by statute conferred upon the superior court," as contained in *Stephenson* v. *Warren,* 119 *Ga.* 504 (46 S. E. 647), is stated to be obiter, in *E. Tris Napier Co.* v. *Brown,* 23 *Ga. App.* 212, 213 (98 S. E. 120), since the point in the *Stephenson* case was not at all whether a county court had such jurisdiction, but pertained solely to the question as to whether or not such jurisdiction was in the City Court of Moultrie. The ruling made in the *Stephenson* case is, however, to the effect that the City Court of Moultrie was without such jurisdiction, and has not been overruled.

By reference to the act of the legislature creating the City Court of Moultrie, and cited in the *Stephenson* case (Ga. L. 1901, p. 136, sec. 2), it will be seen that the jurisdiction of that court is at least fully as broad as that which is conferred upon the City Court of Blakely. The City Court of Moultrie was given general and sweeping authority to "try and dispose of all cases of whatever nature, except cases over which exclusive jurisdiction is vested in other courts," whereas the jurisdiction given to the City Court of Blakely is defined (Ga. L. 1906, p. 161) as follows: "that from and after the passage of this act the City Court of Blakely be, and the same is hereby created and established, to be organized, located, and held in the county site of said county with jurisdiction civil and criminal over said County of Early save where exclusive jurisdiction is vested in the superior court."

It will be noted that the grant of jurisdictional powers by the legislative act creating the City Court of Moultrie, and the act

granting jurisdictional powers to the City Court of Blakely, are practically identical.

In *Stephenson* v. *Warren,* supra, the Supreme Court held, that, under the jurisdictional power granted to the City Court of Moultrie, by the act of 1901, supra (p. 136), "the City Court of Moultrie has no authority to hear and determine an issue formed by a counter-affidavit to a warrant issued against one as a tenant holding over."

In *E. Tris Napier Co.* v. *Brown,* supra, this court has held that "jurisdiction to try and determine issues made under dispossessory warrants against tenants holding over is not given by the act creating the Municipal Court of Macon."

The Municipal Court of Macon was established under an act passed in pursuance of a constitutional amendment which had authorized the legislature to confer upon such court jurisdiction to try any case which, under the Constitution, was not within the exclusive jurisdiction of some other court.

The jurisdiction given to the Municipal Court of Macon is defined (Ga. L. 1913, p. 253, sec. 2) as follows: "Said Municipal Court of Macon shall have jurisdiction within the incorporate limits of the City of Macon as aforesaid, concurrent with the superior court to try and dispose of all civil causes or proceedings of whatever nature, whether arising ex contractu or ex delicto, under the common law or by statute, in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed $500. and of which jurisdiction is not vested by the Constitution and laws of the State of Georgia exclusively in other courts."

This court under the above-quoted grant of jurisdiction to the Municipal Court of Macon held that, "Jurisdiction to try and determine issues made under dispossessory-warrants against tenants holding over is not given by the act creating the Municipal Court of Macon."

This court in *E. Tris Napier Co.* v. *Brown,* supra (p. 214), held as follows: "While, as we have seen, the jurisdiction given by section 5388 of the Code [now § 61-304] to the superior courts is not exclusive, since the Code . . gives concurrent jurisdiction to the county courts, and since the provisions of various acts of the legislature creating city and municipal courts have legally given

and may legally continue to give concurrent jurisdiction in such cases, still, before any other court shall have such concurrent jurisdiction, it must first have been actually granted to it by the lawmaking body. In other words, all dispossessory-warrant cases shall, in accordance with section 5388 [now § 61-304] of the Code, be returned to the superior court of the county in which the land lies, except insofar as concurrent jurisdiction may be or has been given, either under other provisions of the Code or under the special acts of the legislature creating city and municipal courts."

The Supreme Court in the *Stephenson* case, supra, having held that the City Court of Moultrie did not have authority to hear and determine the issue formed by the filing of a counter-affidavit to a dispossessory-warrant under practically the identical grant of jurisdictional power as that contained in the act conferring jurisdictional powers upon the City Court of Blakely—which ruling has not been overruled, and which ruling has been followed by this court in the *E. Tris Napier Co.* case, supra—these decisions are binding upon this court as authority that the City Court of Blakely does not have jurisdiction to hear and determine the issue formed upon a dispossessory warrant and a counter-affidavit filed thereto.

The cases of *Harper* v. *Tomblin,* supra, *McDonald* v. *Vaughn,* supra, *Dorough* v. *Morris,* 21 *Ga. App.* 477 (94 S. E. 641), and *Farmers Hardware Co.* v. *Bearden,* 32 *Ga. App.* 445 (123 S. E. 730), do not in any manner conflict with the ruling made in the case at bar, or with the ruling of this court in the *E. Tris Napier Co.* case, supra, or with the ruling of the Supreme Court in the *Stephenson* case, supra. All of those cases, cited by the defendant in error, are clearly distinguishable from the case at bar. *Harper* v. *Tomblin,* supra, raised the single question that the county court had no jurisdiction to try the issue formed upon a counter-affidavit and bond of a tenant to a dispossessory-warrant; it being contended that the county court had no jurisdiction to try this issue, because the Civil Code, § 4816 (now § 61-304) requires that, when the counter-affidavit and bond of a tenant is made and delivered to the executing officer, he shall return the proceedings to the next superior court of the county where the land lies, and the fact in issue shall there be tried by special jury as in case of appeal.

The Supreme Court in the *Harper* case, supra, said: "If there were no other legislation on the subject, this contention would be

sound, but the Civil Code, § 4208, expressly confers on the county judge jurisdiction to hear and determine all applications for the eviction of intruders, tenants holding over, etc." That case dealt with the jurisdiction of county courts to try such cases; and as county courts are by the Code given concurrent jurisdiction to try such cases, the ruling in *Harper* v. *Tomblin,* was correct, and in nowise conflicts with the ruling herein made.

*McDonald* v. *Vaughn,* supra, deals with the constitutionality of the act of the General Assembly creating the City Court of Vienna (Ga. L. 1901, p. 189), insofar as it seeks to provide that the court shall have jurisdiction to try an issue founded on the counter-affidavit made in resistance to a warrant to dispossess a tenant holding over. The court held that the act giving the City Court of Vienna such authority was not unconstitutional, and that the legislature had authority to grant to the City Court of Vienna concurrent jurisdiction within the territorial limits of the court with the jurisdiction in the superior court to try an issue formed on the counter-affidavit made to a warrant to dispossess a tenant holding over. Express authority was granted by the legislature in the act creating the City Court of Vienna to hear and determine the issue formed by the issuance of a dispossessory-warrant and the filing of a counter-affidavit thereto.

The ruling in *Dorough* v. *Morris,* supra, to the effect that "the City Court of Nashville has jurisdiction of the trial of proceedings to evict a tenant holding over, and the trial judge properly refused to entertain objections to the jurisdiction of the court," is not in conflict with the ruling of the court made in the case at bar, because, under the act creating the City Court of Nashville, jurisdiction is vested in it. The act of 1905 (Ga. L. 1905, p. 314), in section 14, further provides that "The judge of the City Court of Nashville shall have authority to issue . . warrants to dispossess tenants holding over . . and to hear the same." It will be noted that jurisdiction over such proceedings was by a statute creating the City Court of Nashville conferred on said court, and the *Dorough* decision in nowise conflicts with the ruling herein made, and is clearly distinguishable from the case at bar.

The case of *Farmers Hardware Co.* v. *Bearden,* supra, deals solely with the jurisdiction of a county court of an attachment made returnable to the county court, and in no way conflicts with

the ruling of this court in the *E. Tris Napier Co.* case, supra, or with the ruling of the Supreme Court in the *Stephenson* case, supra, or with the ruling made in the case at bar.

Since the City Court of Blakely was without jurisdiction to hear and determine the issue formed by the dispossessory-warrant and the counter-affidavit filed thereto, the court erred in overruling the motion to strike the case from the docket of the City Court of Blakely. This error rendered all future proceedings and the judgment rendered in said case nugatory.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*